UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-20 (ADM/JFD)

UNITED STATES OF AMERICA,

> Plaintiff,

v.

MARION QUINTEL WARE,

> Defendant.

**GOVERNMENT'S
CONSOLIDATED RESPONSE TO
DEFENDANT WARE'S PRETRIAL
MOTIONS**

The United States of America, by and through its attorneys, Charles J. Kovats, Jr., Acting United States Attorney for the District of Minnesota, and Harry M. Jacobs, Assistant United States Attorney, respectfully submits the following consolidated response to defendant's pretrial motions.

## I.   BACKGROUND

Ware is charged with one count of Carjacking, in violation of 18 U.S.C. §§ 2119(1) and 2.

On June 15, 2021, Ware arranged to meet up with an acquaintance. Ware and that individual agreed to get together to smoke marijuana and the individual picked up Ware in his car. After the individual picked Ware and another unknown person up, Ware pointed a gun at the individual and indicated that he was going to take everything the individual had on him. The individual was able to escape the car. Ware and the unknown person drove away with the individual's car, wallet, and cell phone.

Approximately two weeks later, Minneapolis police saw Ware driving the car, which had subsequently been reported stolen. Officers tried to stop the car, but Ware

fled. Ware ultimately crashed the car into a median and fled on foot. Officers located and arrested Ware after a brief chase.

## II.   DEFENDANT'S DISCOVERY MOTIONS

Defendant Ware has filed several general discovery motions. These motions appear to be of the boilerplate variety and do not relate to any ongoing disputes regarding the government's discovery.  Accordingly, the government does not intend to present any witness testimony regarding these motions during the motions hearing.

### A.   Defendant Ware's Motion for Discovery (Dkt. No. 16)

Defendant Ware has moved for an order for discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure. The government has made its Rule 16 disclosures and will continue to supplement its disclosures as additional materials comes into its possession. Defendant has not identified any evidence or materials, or category of evidence or materials, to which he is entitled that has not already been produced by the government. For its part, the government does not believe there is any.

### B.   Defendant Ware's Motion to Retain Rough Notes (Dkt. No. 17)

Defendant Ware has moved for an order requiring any law enforcement agent to retain and preserve—but not produce—all rough notes taken as part of this investigation. The Government does not object to requiring the law enforcement officials involved in the investigation of this case to retain and preserve their rough notes and has already instructed the agents to do so.

However, the Government does object to any future request that agent rough notes be disclosed without further proceedings. In this Circuit, rough notes are generally not considered statements within the meaning of the Jencks Act. *United States v. Redding*, 16 F.3d 298, 301 (8th Cir. 1994) (concluding that rough notes are not a statement of witness as there was no evidence that the witness signed, adopted, or approved of agent's notes); *United States v. Shyres*, 898 F.2d 647, 657 (8th Cir. 1990) (defendant not entitled to discover government agents' general notes from witness interviews). Nor are agent rough notes automatically discoverable as a "statement" of the agent. *See United States v. Simtob*, 901 F.2d 799, 808-09 (9th Cir. 1990) (defendant not entitled to discover testifying agent's destroyed rough notes of investigations as Jencks Act material when notes merely represented pieces of information put in writing to refresh memory); *United States v. Williams*, 875 F.2d 846, 853 (11th Cir. 1989) (defendant not entitled to discover agents' personal notes, contact sheets, witness lists, summaries of non-testifying witnesses' statements when bulk of material not relevant to subject matter of agents' testimony); *United States v. Bernard*, 623 F.2d 551, 558 (9th Cir. 1979) (Jencks Act not intended to cover rough surveillance notes).

Although Defendant Ware is not asking for disclosure of rough notes at this time, before ordering any disclosure of such notes in response to a future request, the Court should, at a minimum, conduct an *in camera* review to determine whether, among other things, the notes relate to the substance of the agent's testimony on direct exam. *Simtob*, 901 F.2d at 808-09; *Bernard*, 623 F.2d at 557.

**C.** **Defendant Dunn's Motion for Disclosure of 404(b) Bad Acts Evidence (Dkt. No. 18)**

Defendant Ware has moved for an order directing the Government to disclose any "bad act" or "similar course of conduct" evidence it intends to offer at trial pursuant to Rule 404(b). Defendant Ware requests that the Government provide notice of its intent to use Rule 404(b) evidence 30 days in advance of trial.

The Government acknowledges its obligation to give notice under Rule 404(b) and does not object to a deadline to provide disclosure 30 days before trial.

The Government also requests that any order be strictly drawn to require no more than what is encompassed by Rule 404(b). Specifically, Rule 404(b) does not encompass acts that are "intrinsic" to the charged offense. Fed. R. Evid. 404 advisory committee's notes, 1991 Amendments. If conduct of a defendant is an "intrinsic" part of any of the charged offense but could otherwise be considered a "bad act," then Rule 404(b) does not contemplate that notice of such evidence be given. The distinction is an important one, as the defense may claim that the government must give notice of every "bad act" it intends to introduce, which is not so. *United States v. Adediran*, 26 F.3d 61, 63 (8th Cir. 1994) (standards applicable to evidence considered under Rule 404(b) do not apply to such "inextricably intertwined" evidence).

### III.   CONCLUSION

Based on the foregoing, the government respectfully requests that Defendant's motions be disposed of as described above.

                                      Respectfully Submitted,

Dated: March 10, 2022                 CHARLES J. KOVATS, JR.
                                      Acting United States Attorney

                                       /s/ *Harry M. Jacobs*
                            BY:       HARRY M. JACOBS
                                      AMBER M. BRENNAN
                                      Assistant U.S. Attorneys